UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

KELLY JANE RANKIN,

    Petitioner

v.

UNITED STATES OF AMERICA,

    Respondent

Civ. No. 98-1846(PG)
(Cr. No. 94-326(PG))

## OPINION AND ORDER

Now before the Court is the U.S. Magistrate Judge's report and recommendation concerning petitioner Kelly Jane Rankin's motion to vacate sentence under 28 U.S.C. § 2255 (Docket #10). Petitioner filed her objections to the report and recommendation (Docket #11).

Petitioner raises essentially two arguments. First, she alleges that her complaints about her counsel's representation prior to her sentencing created a conflict of interest which automatically made her representation ineffective. Second, she contends that her attorney did not raise the issue of the difference between the probation officer's assessment of monetary loss and her evaluation of the same.

## Background

Petitioner pled guilty to a fourteen-count superseding indictment. Count one charged a conspiracy to defraud the United States; counts two through nine charged aiding and abetting in fraud

Civ. No. 98-1846(PG)                                                    2.

and swindles; counts ten through fourteen charged aiding and abetting in fraud by wire. Petitioner was sentenced to concurrent terms of imprisonment of 18 months on each count, an additional three-year term of supervised release, an undetermined restitution to the victims and a special monetary assessment in the amount of $700.00. The Court applied a 12-level increase for a loss over $1,500,000. See U.S.S.G. § 2F1.1(b)(1)(M).

### Discussion

Petitioner alleges that in United States v. Sánchez-Barreto, 93 F.3d 17 (1st Cir. 1996), cert. denied, 519 U.S. 1068 (1997), a case very similar to the one at bar, the U. S. Court of Appeals for the First Circuit determined that a conflict of interest made the assistance of counsel ineffective. First of all, the facts in Sánchez-Barreto are not all similar to the present case. Defendant therein filed a pro se motion to withdraw a guilty plea alleging that his court-appointed counsel had pressured him into pleading guilty in order to conceal his lack of preparation for trial. "Courts have recognized actual conflict of interest between an attorney and his client when pursuit of a client's interest would lead to evidence of an attorney's malpractice." Id., citing United States v. Soldevila-López, 17 F.3d 480, 486 (1st Cir. 1994). Petitioner has utterly failed to demonstrate that an actual conflict of interest adversely

Civ. No. 98-1846(PG) 3.

affected her lawyer's performance. <u>Soldevila-López</u>, 17 F.3d at 486 (quoting <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980)).

Petitioner next claims that she was denied effective assistance of counsel. Specifically, Rankin alleges that her attorney failed to object to that portion of the presentence report (PSR) which indicated that she caused a loss of approximately $1,961,745 and that as a result thereof her sentence was illegally enhanced.

The two-part test of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). The "prejudice prong" of the <u>Strickland</u> test is satisfied if the defendant can show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. at 59.

Petitioner claims that she plead guilty to having conspired to defraud people of $70,000 to $120,000. She cites two grounds for the argument. First, the third superseding indictment, which read:

> (8) From on or about November 1992 to on or about October of 1994, Steven Wolff and Kelly Jane Rankin received and spent in excess of one hundred thousand dollars ($100,000) of the victim-investors' monies, which they used for their personal gain and pleasure.

The government bears the burden of proving the amount of loss by a preponderance of the evidence. <u>United States v. Jackson</u>, 155 F.3d

Civ. No. 98-1846(PG)                                                              4.

942 (8th Cir. 1998), cert. denied, 119 S.Ct. 627 (1998). In the case of fraud, the loss need not be determined with precision. Id.

Petitioner's claims lack merit. The third superseding indictment clearly reads that petitioner received and spent in excess of $100,000, it does not state an amount of $70,000 to $120,000. Furthermore, in calculating the offense level for a conviction of fraud under the Guidelines, the Court may consider all acts "that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3 and 3D1.2(d). Thus, the Court may look beyond the amounts included in the indictment to determine the amount involved in the fraud.

Also, although the government bears the burden of proving the amount of loss by a preponderance of the evidence, in the case of fraud the loss need not be determined with precision. United States v. Jackson, supra. The Court "need only make a reasonable estimate of the range of loss, given the available information." U.S.S.G. § 2F1.1, Application Note 8; United States v. Resse, 33 F.3d 166, 174 (2nd Cir. 1994), cert. denied, 513 U.S. 1092 (1995). A court estimate of a section 2F1.1 loss "may be based upon the approximate number of victims and the average loss to each victim, or more general factors such as the scope and the duration of the offense. U.S.S.G. § 2B1.1, Application Note 3; United States v. Bryant, 128 F.3d 74, 76 (2nd Cir. 1997).

Civ. No. 98-1846(PG)                                                              5.

The Court used the dollar loss amount calculated in the PSR in figuring Rankin's base offense level under U.S.S.G. § 2F1.1. The PSR identifies a partial list of 14 investors involving monetary losses totaling $753,806.93 and states that the government has been able to trace losses amounting to approximately $1,961,745. The PSR made an estimate based upon the approximate number of victims and their losses given the available information. Due to the nature of the scheme - the fact that petitioner's far-reaching misrepresentations and fraud permeated the scheme - and the scope of the scheme - the fact that petitioner's fraud extended over a period of two years, together with the evidence of the amount of loss suffered by the fourteen investors, it is reasonable to conclude that the amount of loss sustained by over eighty investors could be approximately $1,961,745. See, e.g., United States v. McAlpine, 32 F.3d 484 (10th Cir.), cert. denied, 513 U.S. 1031 (1994). The amount of loss need not be precise nor is the Court expected to identify each victim and the loss he/she suffered to arrive at an exact figure. United States v. Neadle, 72 F.3d 1104, 1116 (3rd Cir. 1995).

Moreover, petitioner fails to present any evidence, other than her own belief, that the sum of money was not what the government calculated. Given petitioner's admission at the change of plea hearing that she misappropriated a sum in excess of $100,000 and her failure to present evidence to the contrary, together with the nature

AO 72A
(Rev. 8/82)

and scope of the scheme, there is no reasonable probability that the Court's conclusion regarding the amount of loss, and hence, the application of the 12-level increase to the base-offense level would have differed.

Therefore, petitioner's attorney's failure to object to that portion of the PSR which indicated that she caused a loss of approximately $1,961,745 did not render her assistance constitutionally ineffective.

WHEREFORE, in view of the above, the Court hereby **APPROVES AND ADOPTS** the magistrate judge's report and recommendation, and in accordance therein, petitioner's 2255 petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 2, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge